# Dean v. Central District & Printing Telegraph Co., Appellant.

*Telephone companies—Contract for service—Rescission—Construction of written contract.*

Where a person agrees in writing to pay to a telephone company a sum named, every quarter for three years, for telephone service "and thereafter until either party gives sixty days' notice in writing of a desire to terminate this agreement," and on the same day the company gives to its customer a letter stating that the contract is subject to a rebate of fifty per cent. "during continuance of opposition telephone company," the company is not bound to furnish its customer with telephone service for an indefinite period depending upon the existence of a rival company. After the expiration of three years the company may terminate the contract upon giving sixty days' notice.

In such case the fact that the company continued the service at the reduced rate after the expiration of the three years, is not a recognition of any right in the customer to continue the contract for an indefinite period as long as the opposition service continued.

Argued May 10, 1915. Appeal, No. 109, April T., 1915, by defendant, from decree of C. P. Lawrence Co., March T., 1913, No. 4, on bill in equity in case of J. J. Dean v. Central District and Printing Telegraph Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Bill in equity for an injunction. Before PORTER, P. J. The opinion of the Superior Court states the case.

*Error assigned* was decree awarding injunction.

*B. A. Winternitz,* with him *Springer H. Moore* and *Q. A. McBride,* for appellant.—The contract by its own terms, could after three years be terminated by either party upon sixty days' notice in writing, and was so terminated by the defendant company: Blim v. Torode, 4 Philadelphia 118; Spangler v. Springer, 22 Pa. 454; McMillin v. Titus, 222 Pa. 500; Hazleton Coal Co. v. Buck Mountain Coal Co., 57 Pa. 313; Lane v. Nelson, 167 Pa. 602.

The contract as construed by the court below is not enforceable because contrary to public policy.

*Chas. E. Mehard,* with him *A. W. Gardner,* for appellee, cited: Suburban Rapid Transit St. Ry. v. Monongahela Nat. Gas Co., 230 Pa. 109; Philadelphia Ball Club v. Lajoie, 202 Pa. 210; North Cent. Ry. Co. v. Walworth, 193 Pa. 207; Rung v. Shoenberger, 2 Watts 23; Gray v. Citizens Gas Co., 206 Pa. 303; Whiteman v. Fayette Fuel Gas Co., 139 Pa. 492; Sewickley Bor. S. Dist. v. Ohio Valley Gas Co., 154 Pa. 539.

OPINION BY TREXLER, J., October 11, 1915:

The Central District and Printing Telegraph Company on March 23, 1896, entered into a contract with J. J. Dean to supply him with telephone service, he signing an application, which formed part of the contract. The provision of the contract which we are required to consider is contained in the application and reads as follows: "The undersigned hereby agrees to pay Nine and no-100 dollars each and every quarter in advance during the term of three years from the time at which said connection is made, and thereafter until either party gives sixty days' notice in writing of a desire to terminate this agreement, when at the expiration of said sixty days the term of this agreement shall be ended." On the same date, the following letter or memorandum was given to J. J. Dean: "The contract signed for telephone in your office this date is subject to a rebate of fifty per

cent, making net rate eighteen and no-100 ($18.00) dollars during continuance of opposition telephone company." (Signed by the company.)

Plaintiff continued to receive service at the reduced rate until October 30, 1912, when the company gave him sixty days' notice of its intention to terminate the contract. The plaintiff thereupon brought his bill and the court below, after the matter had proceeded in regular form, entered a final decree requiring the telephone company to continue to furnish the service in accordance to the contract and at the reduced rate set forth in the memorandum above quoted as long as the rival or opposition telephone service was afforded to subscribers in the City of New Castle.

We need not discuss all of the questions raised in the court below. We think that under the provisions of the contract as above set forth, the defendant company was not bound to furnish the plaintiff with telephone service for an indefinite period, depending upon the existence of a rival company. The application of J. J. Dean and the letter of even date must be considered together. The learned court below construed the letter as an abrogation of the contract not only as to the rate but also as to its term. As we view it, the letter was merely a modification or change in one respect, that is, as to the price to be charged for the service. If during the term of three years or thereafter during the continuance of the contract, the rival company ceased to operate, the rate charged would be without discount. There is nothing in the memorandum that changes the provision of the contract, that after the expiration of the three years either party may terminate the contract upon giving sixty days' notice. The letter and the contract are not repugnant; both may stand. The provision contained in the letter could be incorporated in the contract without rendering it in any way out of harmony with the rest of the paper. In substance the telephone company agrees for the term of three years or thereafter until

terminated by either party by sixty days' notice, to furnish telephone service at the rate of $36 per annum subject to the allowance of a discount of fifty per cent., as long as there is an opposition company. There is nothing inconsistent between any of the clauses of this contract, either written or printed. The right of either party to terminate the contract after three years upon giving sixty days' notice, remained unimpaired. The meaning of the contract is plain. Were we, however, to consider it doubtful, we would prefer to adopt a construction that would avoid a discrimination in favor of the plaintiff, and a continuance of the contract for an indefinite term permitting cancellation only upon the happening of a contingency that might never arise. See Com. v. Central Dist. Telephone Co., 243 Pa. 586.

There is no merit in the argument that the company by continuing to serve the plaintiff at a reduced price after the expiration of three years, by its act interpreted the contract as claimed by the plaintiff and recognized his right to continue the contract for an indefinite period as long as the opposition service continued. The continuance of the contract by the company was within the express provisions of the agreement, and its act was evidence of nothing other than the willingness of the company for the time being to serve the plaintiff at the reduced rate, but such action did not take away its right to give notice and terminate the contract when it desired.

As our view in regard to the contract is decisive of the case, we need not discuss the other matters which are the subjects of the other assignments of error.

The decree of the court below is reversed and the bill is dismissed at the costs of the appellees, in which are included the costs of this appeal.