## Philadelphia Local Telegraph Company *v.* William H. Hoskins Company, Appellant.

*Contract — Bailment — Lease of alarm boxes — Termination of lease.*

Where a contract for the installation of a night watchman's alarm box by a telegraph company provides that the subscriber shall pay a yearly sum for the period of five years "and thereafter until one year's notice shall have been given in writing by either party of a desire to terminate" the contract, the parties bind themselves for the period of five years and for an indefinite extension thereof until one year's notice of an intention to terminate is given by either party.

In such a case if the installation is made on March 15, 1910, and the lessee on December 10, 1914, notifies the telegraph company of his desire to terminate the contract when it expires on March 15, 1915, the telegraph company may hold the lessee liable for one whole year from the date of the notice, that is until December 10, 1915.

408 PHILA. LOCAL TEL. CO. *v.* W. H. HOSKINS CO., Appel.

Statement of Facts—Opinion of the Court. [62 Pa. Superior Ct.

Argued Dec. 15, 1915. Appeal, No. 343, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Sept. T., 1915, No. 264, overruling demurrer to statement in case of Philadelphia Local Telegraph Company v. William H. Hoskins Company. Before RICE, P. J., ORLADY, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover rental for a night watchman's telegraph, signal, and fire alarm boxes installed in the defendant's building.

The opinion of the Superior Court states the facts.

*Error assigned* was in overruling defendant's demurrer, and in entering judgment for plaintiff for $183.15.

*C. S. Wesley,* with him *J. W. McWilliams,* for appellant, cited: Logan v. Herron, 8 S. & R. 459.

*H. B. Gill,* with him *W. B. Linn,* for appellee, cited: Wilcox v. Montour Iron & Steel Co., 147 Pa. 540.

OPINION BY HENDERSON, J., March 1, 1916:

The defendant's obligation was to pay the plaintiff "annually in advance beginning on the date of installation the sum of $240.00 for the period of five years and thereafter until one year's notice shall have been given in writing by either party of a desire to terminate this contract." The installation contemplated was completed March 15, 1910. On December 10, 1914, the defendant gave notice to the plaintiff of its desire to terminate the arrangement between them "when this contract expires." The plaintiff acknowledged the receipt of this notice on December 11, 1914, and stated "This contract will now continue in force until December 10, 1915." The action was brought to recover rent to the latter date. The defendant contending that its liability was only for five years from the installation of the service demurred

to the statement of claim. The demurrer was overruled and from that judgment the pending appeal was taken. The case turns on the construction to be given of the clause of the contract: "For the period of five years and thereafter until one year's notice shall have been given." The appellant contends that no notice of any kind was required to terminate the contract for the five years' period and that the provision for notice has reference only to any extension which might be made by the parties. But this view leaves out of proper account the words "and thereafter" in immediate connection with the definite period. A longer period than five years in the relation of lessor and lessee was in contemplation of the parties. They bound themselves for the fixed period and for an indefinite extension thereof until one year's notice of an intention to terminate was given by either party. It is not a contract providing for an option to renew after the lapse of five years as in the case of many leases of real estate in which case some affirmative action on the part of the lessee is necessary to extend the lease. The appellant's contract goes on by its own force until one year's notice terminates it. A contract containing similar language in this respect was considered in Dean v. Cen. Dist. & Printing Tel. Co., 61 Pa. Superior Ct. 311. The fixed period there was for three years "and thereafter until either party gives sixty days' notice in writing of a desire to terminate this agreement." This was held to be a contract to furnish telephone service for the term of three years and thereafter until terminated by either party by sixty days' notice. The contract was at an end after the lapse of three years and after sixty days' notice. This construction is consistent with the language of the contracting parties and is adverse to the view presented by the appellant.

The judgment is affirmed.